

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-4-2005

# In Re: Carter

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1471

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"In Re: Carter " (2005). *2005 Decisions.* Paper 1246.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1246

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1471
_____

IN RE: DELROY D. CARTER,
                                        Petitioner.

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 02-cv-02016)

_____

Submitted Under Rule 21, Fed. R. App. Pro.
March 11, 2005
BEFORE:  SCIRICA, CHIEF JUDGE, WEIS and GARTH, CIRCUIT JUDGES
Filed: May 4, 2005
_____

OPINION
_____

PER CURIAM.

Delroy D. Carter asks that we issue a writ of mandamus directing the

District Court to rule on his motion under 28 U.S.C. § 2255 claiming ineffective

assistance of counsel and that the District Court erred in computing his sentence.  For the

reasons that follow, we will deny the petition.

Carter is a federal prisoner at FCI-Fort Dix serving seventy-eight months

for illegally reentering the country after deportation.  On April 29, 2002, following a

1

direct appeal, he filed a motion under 28 U.S.C. § 2255.  After nearly three years in the District Court, Carter had not received a ruling on his motion despite multiple requests. On February 14, 2005, Carter filed the current petition for a writ of mandamus asking us to direct the District Court to rule on his pending motion.

By order entered April 22, 2005, the District Court denied Carter's § 2255 motion.  Because the District Court has ruled on Carter's motion, we will deny the mandamus petition as moot.

2